Let me ask you, Ms. Albrow, do you have anything new to add? Now it's Judge Russell's line. I have nothing new to add unless you have further questions. My position remains the same. No, it's a good argument, and it's a difficult case. And the truth of the matter is I don't know if my colleagues would ever be open to this, but maybe if we defined crime of violence as the Supreme Court defined it and then asked them, is this particular statute, 320B, a crime of violence, it might be an interesting question to send them. Yes, I would just add, because I am representing a different client, Mr. Jones, he did come up on a 2255 under the Johnson case, and he's over-served 10 years. So if he's no longer – That's very important, yes, to do it quickly. If he's no longer an armed criminal, he should be released. He's serving in a legal sentence. So I would not want to – But this issue in this case is a violent felony under the ACCA. That's correct. This is not a crime of violence issue under the guideline. That's the difference. See, that's a difference whether it's material or not, but that's a distinction here. But that puts it more on all fours with Hemingway. Correct. That's what Hemingway was, although Hemingway was an ab-hand or whatever it's called. Ab-hand. But again, all of these – Assault and battery of a high – But it was an ab-hand. Correct. And it was, at that time, the common law. They've since codified it. But assault and battery in South Carolina, assault, assault and battery, it's been defined the same way for all of these crimes. Ab-hand, the codified version of assault and battery first. Assault and battery and assault have not been defined. But we've ruled in Hemingway that an ab-hand is not a violent felony. Correct. Not a violent felony under the ACCA. An ab-hand in South Carolina is the law of this circuit. Unless the government gets us to change it or they convince us that it's not pertinent. Right. That this doesn't encompass assault and battery. That's right. If it informs this case sufficiently or if it controls this case, your client would prevail. Right. And Mr. Jones asserts that it does encompass that. And I would just point out that the Montez Flores case, which was argued before the same panel as Hemingway on the same day, is the crime of violence version of that. So it's also been, ab-hands also have been deemed not a crime of violence. I think we have some language that crime of violence and violent felony are treated the same. I may be wrong. I think we do. It's Aparicio Soria. I think we absolutely do. But they're just language. They're just. Do you want me to? I can cite it directly to you if you'd like. It's Aparicio Soria. I think it's on page. I think I was on that one too. I think everybody was on that one. It's an en banc case. I apologize. That's all right. We understand that. I'm pretty sure it's Aparicio Soria. I even want to say it's page 155, but I'm not sure if that's correct. All right. Mr. Daly, are you going to add anything new? I'm going to try my best. It's got to be new, you know. It's going to be about Hemingway, I promise. A lawyer once told me don't test your luck if it's the end of the day. Well, I don't know if there's a lot of luck here. I'm going to squeeze every little bit out of it I can. So Hemingway, if you look at our brief pages 27 through 30, you'll see that we distinguish Hemingway. South Carolina common law is a very strange animal. Somehow, ABHAN turned into a, it stands for Assault and Battery of High and Aggravated Nature. It could get you up to 10 years, but it became a catch-all. And so they came up with an element that's called Circumstances of Aggravation. So separate from Assault and Battery, the reason that ABHAN doesn't work out as a crime of violence or a violent felony is because of the Circumstances of Aggravation, which included some things like bringing shame upon somebody. You know, these were older common law concepts. And this court actually pointed to some of those aggravating circumstances to say, well, this doesn't have anything to do with violence. This doesn't have anything to do with the Johnson level of violent injury or threat of violent injury. So if you look at pages 27 through 30 in our brief, in the Jones case, we do distinguish. And what was Jones convicted of? Felon in possession and got a whole bunch of time. It was a police chase, stuffed with a police officer. He got the revolver, tried to shoot the police officer. But the actual crime that he was convicted of was felon in possession and got a very, because of his. But what was the underlying, what got him the South Carolina crime? It was the assault, beat, or wound. The same thing as in the previous case. Correct. Same one as in the previous case. So in. That's what I thought. Yeah. Aparicio. He got into federal court on the felony possession. Correct. Yes. You convicted him of felony possession. Right. We had to figure out whether he was an armed career criminal. Well, at the time, there really wasn't any question. I think he's six or seven. And, you know, over time, those have. Why do you need this particular one? Because we're down to three. With the burglary and. So if you lose this one, you're down, you're out. Then he would only have two and he would be maxed out. He would have been captured a 10 year. I understand. And that's how there was actually a motion to have this expedited. So this is important for that purpose. Absolutely. But. So. So for this purpose, you have to show that Hemingway is. Correct. So. Distinguishable. Right. So the three distinguishing factors which we have in our brief. One. And I think the most important is the aggravated circumstances of aggravation, which is a separate, unique element not found in any other. Which is required by Abham. Correct. Which is the second thing is obviously Abham is assault and battery, not assault, beat or wound. Right. So that's the second distinguishing factor. And then the third thing, what makes it clear that it isn't just as simple as, oh, well, let's cherry pick out assault or cherry pick out assault and battery. This court, albeit in an unpublished decision, found about a year ago that ABWIC, we like our acronyms in South Carolina, assault and battery with intent to kill, is a violent felony because it has the corresponding intent to kill. So it limits the number of assaults and batteries that would qualify for ABWIC. So the same reasoning is why we say assault in the context of assault, beat or wound is not all assaults, but only those assaults that would result in a beating or wound. The biggest problem on that argument is the disjunctive that's used. And so the disjunctive. If it was assault, beat and wound. Right. There'd be no question. Right. So, but context matters in that not only is it assault, beat or wound, but it's also in the context of resisting arrest. And that's where if you look at the attorney general's opinion, which is really the only legal authority that's really even looked in depth. What kind of authority is the attorney general's opinion? It's a secondary authority. It's not going to be as. It's not controlling up here. No, it absolutely isn't. Would it be controlling in the Supreme Court of South Carolina? It would not, but it does inform. So this was an inquiry. These come into the attorney general's office. This was an inquiry from a sheriff's department, I believe. They wanted to know exactly how they're supposed to charge it. And these get published and people refer to them. And so it is an indication of how charging decisions get made and how on the real, you know, on the ground, real life, how are things prosecuted. Attorney general says that kicking an officer and causing no injury qualifies as an offense in the subsection B. That's right. He says that. Do you agree with that? Kicking an officer and causing no injury. Yeah, it doesn't matter. Would qualify as an injury on section B. And it doesn't matter they didn't cause injury. Just because you're a bad kicker doesn't mean that you didn't try to hurt him. So the attempted, this is good enough. Yeah, it's the attempt of physical force. Attempted battery is sufficient. Well, the attempt to beat or wound and that would. But in this instance, attempted battery. If you were trying to kick him, that's an attempt to touch or unlawfully touch an officer. If you don't cause any injury, the attempt to do it is sufficient on the section B. By the attorney general. But he doesn't call it an attempted battery. He doesn't have to. That's what it is. It's a beat or wound. That's what it is. I will not concede that it's an attempted. Oh, I didn't think you would. Because what we have to recognize. The other part that you have as an argument on that particular hypothetical is that Johnson defines the crime of violence is capable of causing pain or injury. And so even though somebody misses, that doesn't mean that it wasn't an attempted inflection of force. I'm going to cede my time unless you have any other questions that we can help you with. We probably need. I'd love for you to send it to the South Carolina Supreme Court. They haven't really spoken on what they really mean under this statute. But I know that you are very hesitant to do that in most instances. We could decide it against you. You could go to the U.S. Supreme Court. And the good news is the South Carolina Supreme Court doesn't need us to send this back. They get cases like this all the time. They want to change the law and tell us what it is, they can do it. The legislature probably could do it too. All right. We'll adjourn court. Sign a dime, come down and recount. You have something? Could I respond briefly? Oh, sure. He brought up something that had not been addressed earlier. Why don't you take 13 minutes? The abwick that he refers to out of the Dinkins case, the main difference between that and this is that the intent to kill, which was used to hold that abwick was violent, is an element. And this case is more akin to the Abhan in Hemingway because we're talking about means. And if you adopted the government's logic that this assault has to be an assault to beat or wound, which you've suggested you might consider violent, why wouldn't the opposite be true, that some of these nonviolent means in Abhan, would they make the threat of using a weapon any less violent? There's no authority for that. Nothing was cited for that. And I wanted to point out that Judge Wynn's question about what the Attorney General's opinion has said, they actually said that kicking, it wasn't an attempt to kick. Their specific example for a violation of 320B was that if an officer was actually kicked, which would be a battery because it's contact, would qualify under this. If that were an element, I would suggest it's consistent with Johnson. If you kick somebody, that's violent. I believe that it's not. But in other words, that's a battery of some sort. You don't think it's capable of causing pain, physical pain? Well, the example given was that no injury resulted. That's not a question. I said physical pain. It could. Yeah. All right. Thank you. This honorable court stands adjourned. Sonny Dye, God save the United States and this honorable court.
judges: Paul V. Niemeyer, Robert B. King, James A. Wynn Jr.